**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DAVID BLOUNT,

    Plaintiff,

vs.                                      CASE NO. 3:97-cv-38-J-HTS

MICHAEL J. ASTRUE,
Commissioner of Social
Security Administration,

    Defendant.
_____

**O R D E R**

This cause is before the Court on the Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #40; Petition). It is represented Defendant "does not oppose" an award of "$10,032.20[.]" Notice of Agreement on Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #41; Notice) at 1.

Because "18.[35] hours times $600.00/hour equals $11,010.00[,]" Plaintiff asserts the amount sought is reasonable. Notice at 1-2. However, this explanation overlooks the fees previously granted under the Equal Access to Justice Act (EAJA), *see* Order (Doc. #30) at 1, which counsel apparently intends to keep. *See* Petition at 4; *cf. Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [§ 406(b) and EAJA], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (quoting Act of Aug. 5, 1985, Pub.L.

99-80, § 3, 99 Stat. 186) (second alteration in original)); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam). The actual award sought for work before the Court totals $12,434.00. The most recent contingency fee agreement signed by Plaintiff, in 2007, states:

> If I lose at the ALJ hearing and my attorney agrees to appeal and I win my case later, the fee will be twenty-five percent (25%) of all past due benefits . . . . If by chance, the Social Security Administration fails to hold out 25% to pay my attorney-representatives, I agree to pay my attorney-representatives from the first portion of my past due benefits.

Social Security Two-Tier Fee Agreement, attached to the Petition as Exhibit Four at 17.

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee that does not exceed 25% of the past-due benefits awarded. Thus, contingency fee agreements are allowed, and the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The attorney "must show that the fee sought is reasonable for the services rendered." *Id.* Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d

Case 3:97-cv-00038-HTS Document 42 Filed 07/09/08 Page 3 of 4 PageID 89

367, 371 (2d Cir. 1990)).  However, other factors that relate to reasonableness include whether there was excessive delay by the attorney, the size of the award in relationship to the time spent on the case, the quality of representation, and "the risk that the claimant would not prevail."  *Id.; see Gisbrecht*, 535 U.S. at 808.

Having reviewed the record, the Court finds the requested fee is reasonable.  Here, Plaintiff and his counsel agreed to attorney's fees not to exceed 25% of past-due benefits.[1]  Counsel spent a total of 18.35 or 18.58 hours representing Plaintiff before the Court.  *See* Order (Doc. #30) at 1; Affidavit of Attorney's Time, attached to the Petition as Exhibit Five, at 23.  In light of the time spent on the case, the requested fee is not so large as to result in a windfall for Plaintiff's counsel.  *See Vilkas v. Comm'r of Soc. Sec.*, No. 2:03CV687FTM-29DNF, 2007 WL 1498115, at *2 (M.D. Fla. May 14, 2007) (report and recommendation of magistrate judge) (finding reasonable a § 406(b) fee that amounted to payment of $1,121.86 per hour for attorney's representation of plaintiff before the court); *Thomas v. Barnhart*, 412 F. Supp. 2d 1240, 1244 (M.D. Ala. 2005) (citing *Claypool v. Barnhart*, 294 F. Supp. 2d 829 (S.D.W. Va. 2003), wherein $1,433.12 per hour was permitted); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365-66 (N.D. Ga. 2005) (allowing $643 per hour).  Further, a review of the record makes

---

[1] The total fee requested, including $5,300.00 awarded for representation before the agency, *see* Petition at 4, does not exceed 25% of these benefits, which are represented to have amounted to $70,950.40.  *See id*. at 3-4.

- 3 -

clear that counsel's representation was not substandard, and recovery was not guaranteed.  Thus, the Court finds the fee sought is reasonable.

Hence, the Petition (Doc. #40) is **GRANTED** to the extent counsel for Plaintiff may receive the additional agreed upon sum of $10,032.20 in attorney's fees.  It appearing the Social Security Administration may no longer retain the funds, it is contemplated Mr. Blount will as necessary tender the appropriate amount to his attorney.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of July, 2008.

/s/       Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record and
　　　pro se parties, if any